

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
MR. PRINCE DIVINE MESSIAH MUHAMMAD,
                                             NOT FOR PUBLICATION
                Plaintiff,

                                             **MEMORANDUM AND ORDER**
          -against-
                                             15-CV-2945 (KAM)
WARDEN EDMUND DUFFY and WARDEN
GUMUSDERE,

                Defendants.
----------------------------------------x
```

**MATSUMOTO, United States District Judge**:

The court received the above-captioned *pro se* complaint from Mr. Prince Divine Messiah Muhammad[1] on August 31, 2015. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons that follow, the instant complaint is dismissed as duplicative.

The Complaint is nearly identical to prior complaints plaintiff filed against Wardens Edmund Duffy and Turhan Gumusdere, the former and current wardens of the Anna M. Kross Center on Rikers Island. *See Muhammad v. New York State*, No. 15-CV-165 (KAM) (dismissed after an amended complaint abandoned the property claims); *Muhammad v. New York City*, No. 15-CV-3401 (KAM) (property claims pending against Warden Gumusdere); and

---

[1] Plaintiff has filed prior cases under the names Prince Muhammad, Prince D. M. Muhammad, and Richard McCray.

1

*Muhammad v. New York City*, No. 15-CV-4033 (JG) (duplicate action against the former and current wardens and the undersigned dismissed).[2]

Like the previous complaints, the instant Complaint alleges that plaintiff's personal property valued at $3,000 was taken from him and was not returned, in violation of his constitutional rights. (Compl. at 4.) The Complaint also alleges that plaintiff was "'disrespected' and taken 'advantage' of, an[d] being left 'naked' without my 'personal property.'" (*Id.*) Plaintiff seeks the return of the property or $100,000 in damages. (Compl. at 4-5.)

Plaintiff's claims related to his property at Rikers Island remain pending in *Muhammad v. New York City*, No. 15-CV-3401. As no useful purpose would be served by the filing and litigation of this duplicate action, the instant complaint is dismissed without prejudice to the litigation pending under Docket Number 15-CV-3401. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to

---

[2] Plaintiff filed other complaints related to his confinement and treatment at Kirby Psychiatric Center. These cases were transferred to the United States District Court for the Southern District of New York. *See Muhammad v. New York City*, No. 15-CV-2963 (filed 5/18/15 and transferred to the S.D.N.Y. on 6/11/15); *Muhammad v. New York City*, No. 15-CV-3602 (filed 6/16/15 and transferred to the S.D.N.Y. on 7/16/15); *Muhammad v. Rabinowitz*, No. 15-CV-3683 (filed 6/22/15 and transferred to the S.D.N.Y. on 7/16/15), and *Muhammad v. New York State*, No. 15-CV-3353 (filed 8/31/15 and transferred to the S.D.N.Y. on 9/10/15).

administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to serve a copy of this Order on plaintiff and note service on the docket.

**SO ORDERED.**

                                      **KIYO A. MATSUMOTO**
                                      United States District Judge

**Dated:** September 10, 2015
       Brooklyn, New York